PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1997 Toyota Camry struck a broken section of pavement while he was traveling on Route 21, also known as Blue Goose Road, in Monongalia County. Route 21 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 2:00 p.m. and 3:00 p.m. on April 11,2005, a cloudy day. Route 21 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving through a curve on Route 21 with a tractor trailer traveling towards him in the opposite lane and on the center line of the road. Mr. Bell stated that he had to drive his vehicle close to the edge of the road because of the tractor trailer. He testified that his vehicle then struck a section of broken pavement that extended almost one foot into the roadway, was three feet long, and nine to twelve inches deep. Claimant’s vehicle struck the broken section of pavement sustaining damage to the both passenger side tires and one rim totaling $137.80.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 21 at the site of the claimant’s accident for the date in question.
Ralph Henderson, Crew Chief for the respondent in Monongalia County, testified that he had no knowledge of any sections of broken pavement on Route 21 for the date in question. Mr. Henderson stated that diere were no records of either complaints concerning the condition of the road or any maintenance done on this stretch of road prior to claimant’s incident. Respondent maintains that it had no *39 actual or constructive notice of any holes on Route 21.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the broken section of highway which claimant’s vehicle struck and that it presented a hazard to the traveling public. Photographs in evidence depict die broken section of highway and provide the Court an accurate portrayal of the size and location of the broken section of highway on Route 21. The size of the broken section of highway and the time of the year in which claimant’s incident occurred leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $ 137.80.
Award of $137.80.